Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN H. LEFKOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8184 | **DATE** | November 22, 2011 |
| **CASE TITLE** | Luther Washington (#2008-0091352) vs. Supt. Bryant, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to begin making monthly deductions in accordance with this order toward payment of the statutory filing fee. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, jail officials, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety and medical needs. More specifically, the plaintiff alleges that the defendants failed to protect him from an attack by a fellow inmate, then delayed needed medical care for his injuries. The plaintiff also sues over correctional officials' failure to prosecute the assailant.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Because the plaintiff's trust fund officer reports a two-cent balance in the plaintiff's trust account and average monthly deposits of zero, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. See 28 U.S.C. § 1915(b)(2). Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk **(CONTINUED)**

mjm

of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

However, the plaintiff must submit an amended complaint. The complaint on file fails to state a claim against either of the two defendants named in the body of the complaint. The plaintiff has no constitutional right to see his alleged assailant punished. The Constitution "does not require the states to prosecute persons accused of wrongdoing." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). The failure of Hudix and Bryant to initiate disciplinary or criminal charges against the other inmate is not actionable under 42 U.S.C. § 1983.

Likewise, the plaintiff cannot, under the facts alleged, successfully sue correctional officials for failing to prevent the attack. The Constitution imposes on jail officials a duty to "take reasonable measures to guarantee the safety of the inmates and to protect them from harm at the hands of others." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). In order to state a Fourteenth Amendment claim, the plaintiff must allege that: (1) he was incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. *Id.*

To satisfy the objective prong, a plaintiff must demonstrate not only that he or she experienced, or was exposed to, a serious harm, but also that there was a substantial risk beforehand that serious harm might actually occur. *Id.* "When [Seventh Circuit] cases speak of a 'substantial risk' that makes a failure to take steps against it actionable under the Eighth or Fourteenth Amendment, they also have in mind risks attributable to detainees with known 'propensities' of violence toward a particular individual or class of individuals; to 'highly probable' attacks; and to particular detainees who pose a 'heightened risk of assault to the plaintiff.' " *Brown*, 398 F.3d at 911. This general definition of "substantial risk" includes, of course, "risks so great that they are almost certain to materialize if nothing is done." *Id.* The subjective prong has two subparts: (a) knowledge of the risk, *Brown* at 913, and (b) a disregard of that risk. *Id.* at 916.

In the case at bar, the plaintiff has stated no facts suggesting that he faced heightened danger from the inmate who assaulted him. Regrettably, "[p]risoners are dangerous (that's why many are confined in the first place).... Some level of brutality and sexual aggression among them is inevitable no matter what the guards do." *Birch v. Jones*, No. 02 C 2094, 2003 WL 21210107, *3 (N.D. Ill. May 21, 2003) (Manning, J.), quoting *McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991). "[A]n unfortunate random act of violence in a prison ... does not impose liability on prison officials." *Washington v. LaPorte County Sheriff's Department*, 306 F.3d 515, 519 (7th Cir. 2002). "[P]risons are dangerous places . Inmates get there by violent acts, and many prisoners have a
**(CONTINUED)**

propensity to commit more. Guards cannot turn away persons committed by the courts; nor do individual guards have any control over crowding and other systemic circumstances." *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). Correctional officials cannot be held liable under the Civil Rights Act for a sudden, unexpected attack.

Furthermore, the fact that a guard left his post is insufficient to trigger liability under 42 U.S.C. § 1983. Neither negligence nor gross negligence implicates the Constitution. *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 518 (7th Cir. 2002) (citations omitted). "Deliberate indifference 'is more than negligence and approaches intentional wrongdoing.'" *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006), quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998). Actual knowledge cannot be imputed to a prison official if the plaintiff himself was unaware of a specific threat. *Guzman v. Sheahan*, 495 F.3d 852, 857-58 (7th Cir. 2007). Here, the plaintiff has failed to state facts indicating that a correctional officer acted with callous disregard to a known risk. In short, the plaintiff has failed to state facts giving rise to a tenable failure-to-protect claim under the Fourteenth Amendment..

The plaintiff has articulated a potentially viable claim with regard to the alleged denial of medical care after he was injured. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *but see Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). However, the plaintiff has failed to indicate how any of the named defendants were involved in the purported denial of care. In fact, defendants Page and Bogacki are not mentioned anywhere in the body of the complaint.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form. The amended complaint should drop the failure-to-prosecute claim (as well as the failure-to-protect claim, assuming the plaintiff cannot show deliberate indifference to a serious risk of substantial harm). The amended complaint should name as defendants those individuals involved in the alleged constitutional violations, specifically indicating how each defendant named in the amended complaint personally and directly played a role in the constitutional violation.

As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed in its entirety.