# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN H. LEFKOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8184 | **DATE** | February 16, 2012 |
| **CASE TITLE** |  | Luther Washington (#2008-0091352) vs. Supt. Bryant, et al. | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed only against defendant Bogacki, and only on his claim that Bogacki acted with deliberate indifference to the plaintiff's serious medical needs. All other claims and defendants are summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A. The clerk is directed to: (1) file the amended complaint; (2) terminate all defendants except Bogacki; (3) issue summons for service of the amended complaint on defendant Bogacki; and (4) send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ [For further details see text below.] **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, jail officials, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety and medical needs. More specifically, the plaintiff alleges that the defendants failed to protect him from an attack by a fellow inmate, delayed needed medical care for his injuries, and ignored the concerns he continued to express in the days following the attack.

By Minute Order of November 22, 2011, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* but directed him to submit an amended complaint. The plaintiff has complied with that order. Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of the amended complaint.

### Facts

The plaintiff alleges that he is fifty-one years old and not affiliated with any gang. The plaintiff is assigned to the Cook County Jail's Division Ten, which houses inmates with medical and mental health problems. Just prior to the events giving rise to this lawsuit, the plaintiff's housing tier was converted into a segregation unit.

As a security precaution, detainees in segregation are generally allowed out of their cells on a rotation basis, one cell at a time. This procedure limits inmate contact, thereby lessening the chance of an altercation or other disturbance.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

On February 26, 2011, defendant Bogacki, who was supervising inmate movement that day, failed to follow protocol and let inmates in four segregation cells out at one time for their showers and telephone calls. Furthermore, Bogacki left his assigned post, leaving the tier unattended for an hour. The inmates who had been released from their cells therefore went unmonitored.

As the plaintiff was standing in front of a cell talking to a fellow detainee, a "gangbanger" suddenly assaulted the plaintiff, knocking him unconscious. The plaintiff sustained an injury to his head that bled profusely.

When Bogacki returned to his post for lock-up, the plaintiff showed the officer his head injury, told Bogacki that his head ached, and requested medical attention. Bogacki said "okay," but continued to lock the plaintiff back in his cell. The plaintiff remained in his cell for four hours, bleeding "abundantly" and drifting in and out of consciousness.

The plaintiff was finally taken to the dispensary late that evening. Because the nurse could not stop the bleeding, the plaintiff was transported to Cermak Hospital. The attending physician stitched the wound, then sent the plaintiff to an outside hospital for overnight observation.

After the plaintiff returned to the jail, he expressed concerns about his safety to defendants Page, Hudix, and Bryant. The plaintiff told the defendants that he was fearful of gang-affiliated inmates, and that he was continuing to experience dizziness and headaches.

The plaintiff contends that the Cook County Sheriff is aware that security problems at the jail are "longstanding, pervasive, and apparent." The U.S. Justice Department released a report in 2006 describing the many deficiencies relating to overall conditions, including inmate safety and security, at the jail.

## Discussion

Even accepting the plaintiff's factual allegations as true, the court finds that the amended complaint states a colorable cause of action under the Civil Rights Act only with respect to the plaintiff's medical claim against defendant Bogacki. The amended complaint must be dismissed as to all other claims and defendants.

The plaintiff has failed to state a cognizable failure-to-protect claim. As discussed in the court's prior order, it is well-settled that the Constitution imposes on jail officials a duty to "take reasonable measures to guarantee the safety of the inmates and to protect them from harm at the hands of others." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). This includes "protect[ing] inmates from violent assaults at the hands of fellow prisoners." *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008) (citing *Farmer*, 511 U.S. at 833). In order to state a Fourteenth Amendment claim, the plaintiff must allege that: (1) he was incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. *Id.*; *see also Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008).

To satisfy the objective prong, a plaintiff must demonstrate not only that he or she experienced, or was exposed to, a serious harm, but also that there was a substantial risk beforehand that serious harm might actually occur. *Id.* "When [Seventh Circuit] cases speak of a 'substantial risk' that makes a failure to take steps against it **(CONTINUED)**

| STATEMENT (continued) |
|---|

actionable under the Eighth or Fourteenth Amendment, they also have in mind risks attributable to detainees with known 'propensities' of violence toward a particular individual or class of individuals; to 'highly probable' attacks; and to particular detainees who pose a 'heightened risk of assault to the plaintiff.'" *Brown*, 398 F.3d at 911.

In the case at bar, the plaintiff cannot show that he was exposed to an unreasonable risk of harm. Regrettably, "[p]risoners are dangerous (that's why many are confined in the first place).... Some level of brutality and sexual aggression among them is inevitable no matter what the guards do." *Birch v. Jones*, No. 02 C 2094, 2003 WL 21210107, *3 (N.D. Ill. May 21, 2003) (Manning, J.), quoting *McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991). "[A]n unfortunate random act of violence in a prison ... does not impose liability on prison officials." *Washington v. LaPorte County Sheriff's Department*, 306 F.3d 515, 519 (7th Cir. 2002). "[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more. Guards cannot turn away persons committed by the courts; nor do individual guards have any control over crowding and other systemic circumstances." *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). Correctional officials cannot be held liable under the Civil Rights Act for a sudden, unexpected attack.

Furthermore, the fact that Bogacki left his post, while unacceptable, is insufficient to trigger liability under 42 U.S.C. § 1983. Neither negligence nor gross negligence implicates the Constitution. *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 518 (7th Cir. 2002) (citations omitted). "Deliberate indifference 'is more than negligence and approaches intentional wrongdoing.'" *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006), quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998). Actual knowledge cannot be imputed to a prison official if the plaintiff himself was unaware of a specific threat. *Guzman v. Sheahan*, 495 F.3d 852, 857-58 (7th Cir. 2007).

Although the plaintiff uses legal buzzwords about pervasive risk and rampant violence at the Cook County Jail, such a showing goes to the subjective prong, supporting an inference that the defendant-official "must have known" about the substantial risk of inmate attacks. *See, e.g., Byron v. Dart*, No. 11 C 0064, 2011 WL 5838981, *4 (N.D. Ill. Nov. 21, 2011). But where, as here, the plaintiff has failed to satisfy the objective prong, the court has no occasion to consider whether Bogacki acted with callous disregard to a known risk. Because the plaintiff has failed to state facts showing that he faced an undue risk of attack, the defendant cannot be held liable for the apparently random and motiveless assault.

Nevertheless, the plaintiff may proceed on his claim that Bogacki acted with deliberate indifference to his serious medical needs. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001). If Bogacki refused the plaintiff access to medical attention despite the fact that he had been struck with such force as to lose consciousness and was bleeding profusely, then the plaintiff may be entitled to relief under 42 U.S.C. § 1983.

**(CONTINUED)**

| STATEMENT (continued) |
|---|

However, supervisory officials cannot be held liable under the facts alleged. Although the plaintiff states that he remained in fear for his safety after returning from the hospital, he has provided no facts whatsoever indicating that he faced a specific risk from a known enemy, or even that he was ever threatened, let alone again attacked. Any failure to act after the assault had already occurred is not actionable because it caused no injury.

In addition, the plaintiff cannot sue supervisory officials for acting with deliberate indifference to his medical needs. Again, the plaintiff was treated at both the Cermak Hospital and an outside hospital the evening of the attack; he received stitches to his head wound and remained in the hospital overnight for observation. The plaintiff has failed to state facts indicating that he had a serious injury or condition in the following days. *See, e.g., Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). The plaintiff may proceed solely against defendant Bogacki, who allegedly denied the plaintiff medical care immediately following the attack.

For the foregoing reasons, the clerk shall issue summons for service of the complaint on defendant Bogacki only. The United States Marshals Service is appointed to serve the defendant. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. If Officer Bogacki can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendant [or to defense counsel, once an attorney has entered an appearance on behalf of the defendant]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.